LARRY EDWARD HADICK, Fireman, U. S. Navy, Petitioner

v

COMMANDANT, First Naval District, U. S. Navy,
495 Summer Street, Boston, Massachusetts

and

COMMANDING OFFICER, Naval Station,
Boston, Massachusetts, Respondents

18 USCMA 533, 40 CMR 245

Miscellaneous Docket No. 69–33

August 21, 1969

*Colonel C. R. Larouche,* USMC, and *Captain Charles E. Patterson,* USMCR, counsel for Respondents.

## Memorandum Opinion of the Court

In his Petition for Writ of Habeas Corpus, petitioner alleges that his term of enlistment in the United States Navy should have expired August 11, 1968. He was not discharged on that date. Rather, on August 13, 1968, he was placed in confinement and charges were subsequently preferred; trial and conviction followed; and his case is now pending review before the United States Navy Court of Military Review. He contends that since no action was taken by Naval authorities with a view to his trial by court-martial prior to the date of his enlistment termination, jurisdiction did not, and could not, attach.

In their response to this Court's Order to Show Cause, respondents have established that petitioner was hospitalized from April 21 to June 6, 1968, for treatment of injuries. Competent authority has determined that these injuries were sustained not in line of duty but as the result of petitioner's misconduct. As a result, his enlistment was extended to September 27, 1968, in accordance with 10 USC § 972 (5), which provides:

"An enlisted member of an armed force who—

.   .   .   .   .

(5) is unable for more than one day, as determined by competent authority, to perform his duties because of intemperate use of drugs or alcoholic liquor, or because of disease or injury resulting from his misconduct;

is liable, after his return to full duty, to serve for a period that, when added to the period that he served before his absence from duty, amounts to the term for which he was enlisted or inducted."

In view of this extension, petitioner was at all pertinent times properly subject to military law. United States v Doherty, 10 USCMA 453, 28 CMR 19.

The petition is denied.